# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **CARLTON TREMELL TURNER** | **CIVIL ACTION NO.15-2282-P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **STEVEN HAYDEN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Before the Court is a Magistrate Appeal (Record Document 43) filed by Plaintiff Carlton Tremell Turner ("Turner"), an inmate at David Wade Correctional Center ("DWCC"). In the instant appeal, Turner argues that Magistrate Judge Hornsby's Order (Record Document 41) granting in part and denying in part Turner's Motion to Compel Discovery (Record Document 33) was erroneous.

## FACTUAL AND PROCEDURAL BACKGROUND

This 42 U.S.C. § 1983 action involves allegations by Turner that several staff members at DWCC (1) retaliated against him for filing previous grievances against officers by falsifying Rule Violation Reports ("RVRs") against Turner in violation of his right to procedural due process and (2) inflicted cruel and unusual punishment upon Turner in violation of the Eighth Amendment by failing to grant Turner a "heat pathology" duty status. See Record Document 1 at 3-5. Turner alleges that he deserves such a status because he takes medication that makes him particularly sensitive to heat. See id. Such a status would allow him to avoid field work outside and any potential heat strokes or other forms of heat sickness that he alleges may result from working outside. See id.

In Turner's Motion to Compel Discovery, he sought to compel Defendants to respond to three of his requests for production. See Record Document 33. In the instant appeal, Turner only argues that the Magistrate erred in denying the Motion to Compel

with respect to Request Number 10. See Record Document 43. Request Number 10 asked for any and all grievances, complaints, or other documents received by Defendant Steven Hayden or his agents at the prison concerning the mistreatment of inmates or falsifying RVRs against inmates in retaliation or for other reasons, plus any memoranda, investigative files, or other documents created in response to such complaints since January 1, 2011. See Record Documents 33-1 at 3 and 41 at 3. Magistrate Hornsby denied the Motion to Compel with respect to this request on the grounds that it (1) was overbroad; (2) would intrude on the privacy of other inmates by exposing their confidential grievance complaints to another inmate; (3) and would impose an unwarranted burden upon Defendants to review thousands of inmate files to comply with the request. See id.

In his appeal, Turner argues that denying the Motion to Compel for Request Number 10 was erroneous because the "request does not stray afield from the facts relevant to Plaintiff's claim, as one of Plaintiff's claims alleges Defendant Steven Hayden falsified RVRs against him in retaliation for filing a grievance against the mental health department and later, this lawsuit." Record Document 43. He also argues that in a previous lawsuit against prison officials, a Motion to Compel was granted for a similar request for production. See id.

## I. LEGAL STANDARDS

Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1. The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter. In reviewing a non-dispositive pretrial matter, the

Court must determine whether the Magistrate's order was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

## II. ANALYSIS

Magistrate Hornsby's decision was neither clearly erroneous nor contrary to law. Federal Rule of Civil Procedure 26(b)(1) states that parties may only obtain discovery that is "proportional to the needs of the case" and that "whether the burden or expense of the proposed discovery outweighs its likely benefit" is a relevant consideration in determining whether a discovery request is in the scope of discovery. Request Number 10 asked for almost five years' worth of inmate grievances, complaints, and other documents concerning mistreatment of inmates or falsified RVRs. See Record Document 33-1 at 3. Sifting through the undoubtedly voluminous records of inmate complaints to comply with this request would place a heavy burden on Defendants, one that is out of step with Rule 26's focus on the proportionality of discovery requests to the needs of the case. See Fed. R. Civ. P. 26 (b) advisory committee's note to 2015 amendment. Magistrate Hornsby's conclusion that the production of all such documents would endanger the confidentiality of inmate grievances also supports the conclusion that the request is overbroad and is not proportional to the needs of the case. See Record Document 41.

Finally, Turner's argument on the basis of the Court's decision in a Motion to Compel in a prior lawsuit is unpersuasive. Turner argues that Request Number 10 in the instant action is similar to his request in a previous case against corrections officers at DWCC and that he is "entitled to the same ruling" on the Motion to Compel as in that case. Record Document 43. However, in that case Turner filed a 42 U.S.C. § 1983 action alleging excessive force by a corrections officer when Turner was allegedly sprayed with

a chemical agent while in full restraints in a closed cell. See Turner v. Thomas, 2015 U.S. Dist. LEXIS 107459 (W.D. La. 2015). He made a request for production asking for any and all grievances, complaints, or other documents received by prison officials concerning the mistreatment of inmates and administering chemical agents maliciously or wrongly on inmates by the corrections officer in question, as well as any investigative files or other documents created in response to such requests during the entire duration of all of the defendants' employment. See Turner v. Thomas, 13-cv-2818, Record Document 53.

There, Magistrate Hornsby did not grant the Motion to Compel as drafted by Turner. See id. Instead, he only granted the Motion to Compel with respect to incidents involving the use of chemical agents, a much more limited and specific subset of potential excessive force incidents, and only for a period of three years prior to the incident forming the basis of the lawsuit. See id. Therefore, the Court finds the request in the instant action to be factually distinguishable from the request in Turner v. Thomas.

Accordingly,

**IT IS ORDERED** that Petitioner's Magistrate Appeal (Record Document 43) be and is hereby **DENIED** and Magistrate Judge Hornsby's Order of March 24, 2015 (Record Document 41) is **AFFIRMED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 29th day of November, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE