UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CARLTON T. TURNER | CIVIL ACTION NO. 15-2282 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVEN HAYDEN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

This Court concurs with the findings of the Magistrate Judge set forth in the Report and Recommendation. See Record Document 69. Specifically, this Court is authorized to grant Summary Judgment *sua sponte* in favor of Dr. Seal. A court may grant summary judgment *sua sponte* in favor of defendants after giving a plaintiff notice and a reasonable time to respond. Christian v. Walker, No. 15-CV-130, 2016 WL 742687, at *4 (M.D. La. Jan. 14, 2016). The objection period which follows a Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) satisfies the notice requirement. See Treadway v. Wilkinson, 06-CV-1182, 2008 WL 4224817, at *2 (W.D. La. June 10, 2008), subsequently aff'd, 351 F. App'x 889 (5th Cir. 2009).

The Plaintiff, Carlton Turner ("Turner"), attached an affidavit to his objections from a fellow inmate, Michael Hill ("Hill"), concerning Hill's medications and his assignment to heat-related indoor duty status. Hill's affidavit does not alter the Court's conclusions. Furthermore, the Report and Recommendation provided Turner with sufficient notice and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (*sua sponte* invocation of defense in Report and Recommendation satisfied due process). Therefore, Turner was given sufficient notice of

the Magistrate's Report and Recommendation that this Court grant summary judgment *sua sponte* in favor of Dr. Seal. See Record Document 69 at 8.

For a convicted prisoner to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. See Estelle, 429 U.S. at 104-105, 97 S.Ct. at 291-92. This Court finds that Turner is unable to meet his burden in alleging facts to show a deliberate indifference to his serious medical needs.

In order to succeed on a claim under Eighth Amendment, the Fifth Circuit requires a showing of more than a "de minimis" physical injury. Blackmon v. Garza, 484 F. App'x 866, 874 (5th Cir. 2012); see, e.g., Johnson v. Tex. Bd. of Criminal Justice, 281 F. App'x 319, 321 (5th Cir. 2008) ("While Johnson alleged that the temperatures were sometimes uncomfortably hot, he did not allege that he suffered from any heat-related injuries...."). Nonetheless, in Blackmon, because the physical symptoms plaintiff described in his testimony at trial (i.e., headaches, nausea, shortness of breath, and blurred and dimmed vision) would constitute more than a "de minimis" physical injury, the Fifth Circuit found it unnecessary to determine whether the plaintiff must show more than a "de minimis" injury to sustain his claims. Id. at 874. Therefore, the Fifth Circuit held that the district court erred to the extent it based its grant of judgment as a matter of law on the plaintiff's failure to prove he suffered a significant physical injury. Id.

In the instant case, unlike the plaintiff in <u>Blackmon</u>, Turner has not alleged that he suffered any heat related illness as a result of taking Risperdal. In fact, during the years of 2012, 2013, 2014, 2015, and 2016, Turner worked in the heat while taking Risperdal and failed to complain of any heat related illnesses. <u>See</u> Record Document 38-3, at 2. Therefore, Turner has not suffered a "de minimis" physical injury required under the Eighth Amendment.

Moreover, disagreement with medical treatment or arguing that physicians should use different treatment methods does not support an Eighth Amendment challenge. In <u>Norton v. Dimazana</u>, 122 F.3d 286 (5th Cir. 1997), the plaintiff claimed his Eighth Amendment rights were violated because the physicians did not properly treat his prolapsed rectum. The plaintiff argued that medical personnel should have attempted different diagnostic measures or alternative methods of treatment. The Fifth Circuit held that disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs. <u>See id.</u> at 292.

In the present action, Turner appears to be contesting Dr. Seal's medical judgment that, in general, inmates prescribed less than 4 mg. of Risperdal should not receive heat-related indoor duty status and that Dr. Seal was deliberately indifferent to his individual medical needs.

Summary judgment in favor of Dr. Seal is proper because Turner failed to allege or prove that he suffered a heat-related illness due to Dr. Seal's decision not to place him on heat-related indoor duty status. Turner attempts to contest Dr. Seal's medical judgment by attaching an affidavit from a fellow inmate as discussed above. In the affidavit, Hill states that he was given a heat-related indoor duty status and was prescribed

2 mg. of Risperdal. See Record Document 79-1, at 1. This affidavit appears to contradict Dr. Seal's policy of only giving heat-related indoor duty status to inmates who are prescribed 4 mg. of Risperdal. However, people react differently to medications. This bare bones affidavit is insufficient to create a general dispute of material fact as to whether Dr. Seal was deliberately indifferent to Turner receiving medical treatment, i.e., heat-related indoor duty status. As the Fifth Circuit held in Norton v. Dimazana, *supra*, the court does not permit an inmate to counter the medical judgment of a physician in attempting to support an Eighth Amendment challenge. The affidavit pertains to Dr. Seal's treatment of Hill, not his treatment of Turner. Dr. Seal's medical judgment extends to alternative treatment plans for individual inmates. Hill is not a medical expert. There is no evidence of deliberate indifference to the medical needs of Turner.

Accordingly, for the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein and the foregoing Memorandum Ruling, and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Record Document 38) is **DENIED**, the Motion for Summary Judgment by Steven Hayden and Michelle Dauzat (Record Document 50) is **GRANTED**, and Dr. Gregory Seal is **GRANTED** Summary Judgment *sua sponte*.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 27th day of September, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE